**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

April Griffith,
Plaintiff
-vs-
Christenson Translease Company
Incorporated, *et al.*,
Defendants.

CV-24-8121-PCT-JFM

**Report & Recommendation**
**to Sr. District Judge McNamee**

## A. REPORT AND RECOMMENDATION

This matter has been assigned awaiting consents to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Because the appropriate resolution of this matter is dispositive of claims or defenses, *see Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015), the undersigned proceeds by way of a Report & Recommendation to Sr. District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B), LRCiv 3.7(b), and General Order 21-25.[1]

## B. DISCUSSION

**Background** - Defendants Paul Dawson and Unknown Dawson have filed a Notice of Removal (Doc. 1), removing this action from the Yavapai County, Arizona Superior Court on grounds of diversity. Defendants assert Plaintiff is a citizen of Arizona, Defendants Dawson are citizens of Mississippi and Defendant Christenson Translease is a Missouri corporation with its principal place of business in Missouri.

---

[1] General Order 21-25 references a report and recommendation for "dismissal" being directed to  A remand is not precisely a "dismissal," but is a termination of the federal proceeding. If Sr. District Judge McNamee believes this matter outside the scope of the General Order, then the undersigned would ask this be accepted as a Report and Recommendation to the Chief Judge, G. Murray Snow or his designee.

- 1 -

Defendants Dawson previously filed a Notice of Removal in the same state court case. *See Griffith v. Christenson Translease Company Incorporated, et al.*, CV-24-8117-PHX-SMB. An order remanding the case was filed and certified to the state court on June 14, 2024, based on the lack of alleged facts to show the amount in controversy met the requirements of 28 U.S.C. § 1332 for diversity jurisdiction, *i.e.* greater than $75,000. (*Id.* at Doc. 6.) Consequently, the instant Notice of Removal is a successive one.

Here, it appeared Defendants now seek removal on the same grounds, but purport to provide additional facts to establish the amount in controversy, *i.e.* "a settlement demand of $291,884.95."[2]  (Notice, Doc. 1 at 2.)  In support, Defendants cite to their Exhibit 7, which is a settlement demand letter dated March 4, 2024 and appears directed to Defendant Paul Dawson's insurer.  Assuming timely communication of this demand to Defendants, the undesigned concluded this demand letter would appear to not provide "newly discovered facts" to support a successive notice of removal.  *Cf. Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (previously received demand could not trigger successive removal period under 28 U.S.C. § 1446(b)(3)).

Consequently a deadline was set for Defendants to show cause why this matter should not be remanded to the state court as an improperly successive notice of removal. (Order 6/21/24, Doc. 6.)

Defendants responded on July 2, 2024.  The deadline for a reply by Plaintiff expired on July 9, 2024 and no reply has been filed.

**<u>Standard for Original Notice of Removal</u>** - The defendant has the burden of proving that removal to federal court is proper and  must show by a preponderance of the evidence that the "amount in controversy"  requirement has been satisfied. " S*inger v. State Farm Mut. Auto.  Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This requirement is met if: "(1) it is apparent  from the face of the petition that the claims are likely to exceed

---

[2] The other cited sources for the amount in controversy (the state court assertion of an amount between $50,000 and $300,000, and the general nature of alleged injuries) were found insufficient by Judge Brnovich in remanding from the prior notice of removal.

$75,000.00, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 839 (E.D. Tex. 2008) (cleaned up).

**<u>Standard for Successive Notice</u>** – Successive notices of removal are generally not permitted, except when based on a new and different ground for removal, *see Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991), or on newly discovered facts not available at the time of the prior removal, *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014). *Cf. S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (second removal permitted under 28 U.S.C. § 1446(b)(3) when based on "newly acquired facts from…deposition transcript").

**<u>No New Grounds Shown</u>** – Defendants previously sought removal based on diversity jurisdiction and do so again in the instant Notice of Removal.

**<u>No Changed Circumstances Shown</u>** – Defendants also show no changed circumstances. Defendants reference two facts to attempt to show changed circumstances: (1) the earlier demand letter and that it had not been forwarded to Defendants' counsel at the time of the original Notice of Removal; and (2) the purported mis-classification of this case as a "Tier 2 case" rather than a "Tier 3 case."

Ordinarily, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir.2005). Accordingly:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

*Id*. (citing 28 U.S.C. § 1446(b)). Here, there appears to have been no ground for removability for diversity in the Complaint because the Complaint specified no amount at issue, and referenced a "Tier 2" assignment, which (as noted in the original remand)

provided a range of damages as small as $50,000, inadequate for diversity jurisdiction.

Nonetheless, Defendants filed their original Notice of Removal, which failed to establish the requisite amount at issue. Their successive Notice of Removal must, therefore, be based on changed circumstances, which triggers a requirement that additional information supporting removal be new, or at least newly available to the removing party.

> *Harris* does not stand for the proposition that a defendant can remove prematurely and on the basis of insufficient information and then remove yet a second time, on that same basis, within thirty days of receiving some other paper that provides the information that should have been collected before removal was ever attempted. This is plainly contrary to the policy that "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts," which "guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation." *Harris*, 425 F.3d at 698. *Harris* noted that its ruling "ensure[d] respect for the jurisdiction of state courts" because it "assur[ed] that removal occurs once the jurisdictional facts supporting removal are evident." *Id*.

*Gordon v. Republic Servs. Inc., No*. 2013 WL 571814, at *2 (C.D. Cal. Feb. 8, 2013).

Here, the demand letter may have been newly discovered by counsel, but Defendants have not shown that it was new information or at least not previously available to Defendants or their counsel. Defendants do not, for example, suggest that counsel could not have obtained the demand letter upon appropriate inquiry with Defendants or their insurer.

Defendants' argument regarding the Tier classification goes no further at showing changed circumstances. Presumably, Defendants contend that the Plaintiff's Tier 2 classification was erroneous, if not intentionally so, because the demand letter sought the policy limits and asserted special damages (past and future medical expenses) of $291,884.95), indicating the total damages (general and special) would exceed the $300,000 upper limit of a Tier 2 case. *See* Ariz. R. Civ. Proc. 8(b) (precluding dollar demand in complaint unless sum certain, but requiring pleading of tier); Ariz. R. Civ. Proc. 26.2(c)(3) (setting tiers); Ariz. R. Civ. Proc. 26.2(e) (damages for tier are for "all monetary

damages sought" excluding "claims for punitive damages, interest, attorney's fees").[3]

But a plaintiff has no obligation to lay out a basis for removal, and arguably can actively (but presumably not fraudulently) seek to avoid removal. *See Nolff v. Performance Food Grp., Inc.*, 2019 WL 5485665, at \*2 (C.D. Cal. Oct. 24, 2019) (proposal of submitting demand on basis of agreement to not use for removal did not justify finding of changed circumstances on basis of jurisdictional amount).

Moreover, reliance on the bare allegation of the Tier 2 designation to show the amount at issue was unjustified because (as discussed in the earlier order of remand) that tier includes cases with an amount at issue as little as $50,000. With diligence Defendants and their counsel could have known of the earlier demand and been able to raise this argument in their original Notice of Removal.

Defendants having failed to show a change in circumstances (as opposed to a change in their evidence of the pre-existing circumstances), this case must again be remanded.

## C.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v.*

---

[3] Defendants offer no evidence or basis to conclude that Plaintiff's designation of a Tier 2 case was fraudulent.  At most, Defendants "[q]uery" why the case was not designated as a Tier 3 case. (Response, Doc. 8 at 3, n. 2.)

- 5 -

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

## D.  RECOMMENDATIONS

**IT IS THEREFORE RECOMMENDED** this case be remanded to the Maricopa County Superior Court.

Dated: July 17, 2024

24-8121r RR 24 07 16 re Remand on Succ Not Rem.docx

James F. Metcalf
United States Magistrate Judge